## Streeper *versus* McKee.

1. S. held four notes of a bankrupt, which were secured by a mechanic's lien. He had the lien appraised, and then proved his debt in the bankrupt court and received a dividend. He subsequently issued a scire facias on the lien to recover the balance of his debt. *Held* (reversing the court below), that he could proceed upon the lien for this balance. *Held, further*, that his rights were not affected by the fact that the lien had been appraised at a nominal value.

2. The retention of the security by S. being expressly recognised in the proceedings in the bankrupt court, it was not necessary to obtain the permission of that court to institute proceedings to enforce it.

January 31st 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county*: Of July Term 1877, No. 117.

Scire facias sur mechanic's lien, issued by John Streeper against Joseph D. McKee, for work and labor done by plaintiff upon the building of defendant. The claim was for $2972.87.

The only defence to the claim was set out in a special plea, which, in substance, averred that proceedings had been instituted in the bankrupt court, against defendant, by his creditors; that before he was declared a bankrupt, upon the petition of defendant, a meeting of his creditors was called to consider a proposition for a composition, under the 17th section of the Act of Congress of June 22d 1874; that at this meeting defendant proposed to pay to each of his general creditors twenty-five per centum of the amounts respectively due them; that this proposition was accepted by the creditors and approved by the court; that plaintiff was a creditor of defendant for the work and labor done, for which a mechanic's lien was filed, upon which the scire facias in suit issued; that, in addition to said lien, plaintiff held promissory notes of defendant, aggregating $2972.87; that having first appraised the said lien at the sum of one dollar, by two appraisers, selected respectively by plaintiff and defendant, plaintiff made proof of his debt upon the promissory notes, and accepted and gave a receipt for twenty-five per centum of his claim, less one dollar, the appraised value of the security, and surrendered to defendant the promissory notes. The plaintiff, in his replication, averred that there was nothing set forth in said special plea which barred his right to recover upon the mechanic's lien. At the trial the defendant proved the facts set forth in the foregoing plea, by producing the record in the bankruptcy proceedings. The verdict was for the plaintiff for the whole of his claim, less the dividend received, subject to the opinion of the court upon the following question reserved, "Whether, upon the papers given in evidence, the jury ought to be directed to find for the defendant, as showing that the plaintiff waived his right to the further maintenance of the action, by the

[Streeper *v.* McKee.]

proof of his claim in the United States Court in bankruptcy, and the acceptance of the amount paid him under the composition."

The court subsequently, without filing an opinion, entered judgment for the defendant upon the point reserved, and plaintiff then took this writ, assigning this entry for error.

*Joseph M. Pile*, for plaintiff in error.—Section 5105 of the Bankrupt Law provides that no creditor proving his debt or claim shall be allowed to maintain any suit in law or equity against the bankrupt. Here, however, the plaintiff proved his demand upon the notes which he held as collateral to the lien claim, but the claim in suit was expressly reserved, and the present proceeding is *in rem* upon the security : In re Christy, 3 Howard 292. The jurisdiction of the state courts is only extinguished in those cases where the creditor proves his debt: Sampson *v.* Burton, 4 N. B. R. 1.

*James W. Latta* and *S. Edwin Megargee*, for defendant in error.—The security upon which plaintiff desires to proceed, without permission from the bankrupt court, is merely a lien given by statute upon the very debt which the evidence shows plaintiff made proof of in that court. Further, the proceedings show that the lien itself was submitted to the jurisdiction of that court. To attempt, therefore, to proceed upon the lien without its permission, is to deliberately disregard the statute : Dingee *v.* Becker, 9 Phila. R. 196 ; Black *v.* McClellen, 12 N. B. R. R. 481 ; In re Levy, 1 Id., 2d ed., 327. When the composition is affirmed in the bankrupt court, the debt is extinguished : Miller *v.* Mackenzie, 13 N. B. R. R. 496. The whole purpose of the Bankrupt Law is the equal distribution of the bankrupt's estate among his creditors, and it permits no one creditor to obtain more than his share of the estate. The valuation of the security retained must be a substantial and real valuation. That proven here was not such as was contemplated by the statute.

Mr. Justice SHARSWOOD delivered the opinion of the court, February 25th 1878.

This was a scire facias upon a mechanic's claim. There was no defence to the claim other than such as was set out in a special plea, and the evidence to sustain it was a record of proceedings in bankruptcy in the District Court of the United States for the Eastern District of Pennsylvania, against the defendant. Whether upon the papers given in evidence the jury ought to be directed to find for the defendant, as showing that the plaintiff waived his right to the further maintenance of the action, by the proof of his claim in the United States court, in bankruptcy, and the acceptance of the amount paid him, was the question reserved at the trial, upon which the court afterwards entered judgment for the defendant.

Proceedings had been instituted in the bankrupt court by his creditors against the defendant. He was not declared a bankrupt,

[Streeper *v.* McKee.]

but on his petition a meeting of the creditors was called to consider a proposition of compromise, under the 17th section of the Act of Congress of June 22d 1874. At this meeting the defendant submitted a proposition, offering to pay to each of his general creditors twenty-five per centum in cash upon the amounts owing them, without interest. This proposition was accepted by the creditors. The plaintiff was a general creditor for $2574.10, and also on four notes for $2972.87, which last amount was secured by the lien upon which the scire facias in this case was issued. It further appeared that two persons were selected by the plaintiff and defendant to appraise this mechanic's lien, who reported that "having reference to the present value of the real estate bound by the lien and the encumbrances upon said property antedating said lien, they value and appraise the said lien claim or security at the sum of one dollar." This award was filed in the bankrupt court, accompanying the proof of his debt by the plaintiff, in which he refers to the appraisement, annexed. No objection appears to have been made to the appraisement either by defendant or any of his creditors, and the plaintiff accepted and gave a receipt for twenty-five per centum of the claim, less $1, the appraised value of the security.

It is difficult to see upon these proceedings that there appeared any evidence, either in law or fact, of a waiver by plaintiff of his right to the further maintenance of this action. In fact there certainly was not, for the very appraisement and the deduction of the appraised value of the security from the amount of his claim showed conclusively his intention not to waive. The bankrupt law allows a creditor holding a pledge or lien for securing a debt due by the bankrupt to be admitted as a creditor only for the balance of the debt, after deducting the value of such property to be ascertained by agreement between him and the assignee. Here there was no assignee, but the appraisement was made by agreement between the creditor and bankrupt, and it was filed without objection from any quarter. It is urged, however, that the appraisement was only for a nominal sum and should therefore be disregarded. But how could the court say without evidence that it was merely nominal? If the prior encumbrances were equal to the full value of the property, the security was worth nothing. But the plaintiff, looking forward to a prospective appreciation of the property, had a perfect right to retain it, and as the defendant submitted the question of its then value to appraisers, he has no right to object on this ground, whatever may have been his right or that of his other creditors to raise an objection in the bankrupt court. Then and there was the time and place to make the objection. This retention of the security being expressly recognised in the proceedings of the bankrupt court, it was not necessary to obtain the permission of that court to institute his proceeding to enforce it.

Judgment reversed, and now judgment for the plaintiff upon the verdict on the point reserved.